**In re Jose Antonio MENDOZA and Hugo Jofre, Relators.**

No. 13–02–00032–CV.

Court of Appeals of Texas, Corpus Christi.

July 18, 2002.

234

William J. Tinning, Portland, Francisco J. Enriquez, Enriquez & Cantu, McAllen, Rolando Cantu, Edinburg, for Relator.

Jose E. Garcia, Garcia, Villarreal & Karam, McAllen, Steve Dennis, Chamblee & Ryan, Dallas, for Real Parties in Interest.

BEFORE: Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

Relators, Jose Antonio Mendoza ("Mendoza") and Hugo Jofre ("Jofre"), have filed a petition for writ of mandamus in which they ask this Court to compel respondent, the Honorable Daniel Sklar, presiding judge of the 329th District Court of Wharton County, to vacate his orders denying relators' motions to transfer venue and to abate. After receiving a response from the real parties in interest, Central Freight Lines ("Central") and Jim Kerry Nixon ("Nixon"), and after hearing oral argument, we deny relators' petition for writ of mandamus.

### A. BACKGROUND

On December 10, 2000, Mendoza, while transporting two vehicles owned by Jofre, was involved in a collision with a Central truck driven by Nixon. The collision occurred in Wharton County. Thereafter, Mendoza filed suit against Central and Nixon in the 275th District Court of Hidalgo County. In the same suit, Mendoza also made an uninsured/underinsured claim against Nelson's MGA, Inc., and CNA Reinsurance Company, Ltd., the managing general agency and the insur-

ance carrier, respectively, of a policy covering the vehicle Mendoza was driving at the time of the accident. Mendoza alleged that venue was proper in Hidalgo County because he is a resident alien of Hidalgo County, and because the contract for uninsured/underinsured coverage is performable in Hidalgo County.

Central and Nixon filed a motion to transfer venue, special exceptions, original answer and original counterclaim in the Hidalgo County suit. In response to the counterclaim, Mendoza filed a claim for sanctions against Central and Nixon, asserting that the counterclaim was frivolous. The motion to transfer venue was set for hearing on June 6, 2001. On the day of the hearing, Mendoza non-suited all his claims against Central and Nixon, except for his claim for sanctions arising from the counterclaim. The hearing was held as scheduled, and the Hidalgo County court denied the motion to transfer venue. Later that same day, Mendoza re-filed his non-suited claims against Central and Nixon.

On June 8, 2001, Central and Nixon non-suited their counterclaims in Hidalgo County. Later that same day, Central and Nixon filed suit against relators in the 329th District Court of Wharton County for damages arising out of the December 10, 2000 motor vehicle accident. On August 10, 2001, relators filed a motion to transfer venue, motion to abate, and original answer subject to the motion to transfer venue in the Wharton County suit. In their motion to abate, relators argued that the issues presented in the Wharton County suit are substantially the same as those presented in the Hidalgo County suit. Relators also argued that the Wharton County suit should be abated because the Hidalgo County court had dominant jurisdiction, since they had first filed their lawsuit in Hidalgo County. Respondent denied rela-

tors' motion to transfer venue and motion to abate.

After respondent signed the orders denying relators' motions to transfer venue and to abate, counsel for Central and Nixon filed copies of respondent's orders, along with a document entitled "Notice of Ruling Determining Dominant Jurisdiction" in the Hidalgo County case. While said notice asserts that dominant jurisdiction now lies in the Wharton County court, neither the Wharton County court nor the Hidalgo County court have issued any order directly interfering with the other court's hearing of the case. In their petition for writ of mandamus, relators ask this Court to compel respondent to vacate his orders denying relators' motion to transfer and motion to abate.

## B. STANDARD OF REVIEW

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). The party seeking relief has the burden to present the appellate court with a record sufficient to establish the right to mandamus. *Id.* at 837. With respect to factual issues committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Id.* at 839. On the other hand, a review of a trial court's determination of controlling legal principles is entitled to much less deference. *Id.* at 840. In our analysis, we "must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial error of law.' " *In re Bristol–Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex.1998).

Because relators ask this Court to order respondent to rescind his orders denying

relators' motions to abate and to transfer venue, we will address these denials separately.

### D. VENUE DETERMINATION

■ Generally, venue determinations as a rule are not reviewable by mandamus. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999) (orig.proceeding). However, a party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of chapter 15 of the civil practice and remedies code. TEX. CIV.PRAC. & REM.CODE ANN. § 15.0642 (Vernon Supp.2002).

■ Relators assert that mandamus is appropriate in this case because venue is mandatory in Hidalgo County. However, relators do not cite us to any mandatory venue provision; rather, they argue that venue is mandatory in Hidalgo County, as to the parties herein, by virtue of the Hidalgo County court's denial of Central's and Nixon's motion to transfer venue. Relators argue that because there can be no re-hearing of the Hidalgo County court's venue determination, venue is mandatory in Hidalgo County. *See* TEX.R.CIV.P. 87. We disagree.

Section 15.0642 of the civil practice and remedies code provides that mandamus is appropriate only to "enforce the mandatory provisions of ... chapter [15]." TEX. CIV.PRAC. & REM.CODE ANN. § 15.0642 (Vernon Supp.2002). Relators do not contend that venue is mandatory in Hidalgo County under any provision of chapter 15. Moreover, relators, in their motion to transfer venue filed in Wharton County, did not reference any mandatory venue provision in support of their motion. Accordingly, we hold that respondent's ruling on relators' motion to transfer venue may not be reviewed by mandamus.

### E. MOTION TO ABATE

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker,* 827 S.W.2d at 840. We recognize that appeal is ordinarily an adequate remedy to review incidental rulings on such matters as pleas in abatement. *See Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex. 1988) (supreme court held trial court erred in denying plea in abatement and ordered cause remanded to trial court with instructions to vacate judgment and abate proceedings, implicitly concluding that remedy by appeal is adequate). Moreover, the courts have specifically held that mandamus is generally not available to review the refusal of a trial court to abate an action based on the pendency of another action, unless one of the courts directly interferes with the other by issuing a conflicting order or injunction. *Hall v. Lawlis,* 907 S.W.2d 493, 494 (Tex.1995) (orig.proceeding); *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985) (orig.proceeding); *Sweezy Constr., Inc. v. Murray,* 915 S.W.2d 527, 530 (Tex.App.—Corpus Christi 1995, orig. proceeding).

In this case, neither the Hidalgo County court nor the Wharton County court have refrained from exercising jurisdiction, and they have not prohibited the parties from pursuing their respective claims. Accordingly, we hold that mandamus is not proper in this case. *See Hall,* 907 S.W.2d at 494; *Abor,* 695 S.W.2d at 567; *Tex. Commerce Bank, N.A. v. Prohl,* 824 S.W.2d 228, 230–31 (Tex.App.—San Antonio 1992, orig. proceeding).

Relators' petition for writ of mandamus is denied. The stay previously issued by this Court is lifted.