NO. 12-04-00048-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 



IN RE: ALBERT LYNN BARCROFT,
§
 ORIGINAL PROCEEDING

RELATOR


§
 






MEMORANDUM OPINION


 Relator Albert Lynn Barcroft ("Barcroft") seeks a writ of mandamus requiring the trial court
to (1) vacate its order denying Barcroft's motion to transfer venue and (2) transfer the underlying
cause from Wood County to Fannin County. In his petition, Barcroft points out that the mandatory
venue provisions of the Texas Civil Practice and Remedies Code are enforceable by mandamus. See
Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002). Therefore, Barcroft's argument
continues, mandamus is available in the case at hand because Texas Civil Practice and Remedies
Code section 15.035(a) is applicable and is a mandatory venue provision. See Tex. Civ. Prac. &
Rem. Code Ann. § 15.035(a) (Vernon 2002) (county of performance proper venue where written
contract provides for performance in particular county).

 This court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental
trial rulings when there is an adequate remedy by appeal. Bell Helicopter Textron, Inc. v. Walker,
787 S.W.2d 954, 955 (Tex. 1990). Incidental rulings include venue determinations. 
Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals, 929 S.W.2d 440, 441 (Tex. 1996). 
Section 15.0642 provides an exception to the general rule. See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.0642. However, section 15.035(a) is permissive and not mandatory. Nat'l Family Care Life
Ins. v. Fletcher, 57 S.W.3d 662, 665 (Tex. App.-Beaumont 2001, pet. denied). Our mandamus
jurisdiction does not encompass the enforcement of permissive provisions. See Tex. Civ. Prac. &
Rem. Code Ann. § 15.0642; In re Mendoza, 83 S.W.3d 233, 236 (Tex. App.-Corpus Christi 2002,
orig. proceeding). Accordingly, Barcroft's petition for writ of mandamus is denied.


 SAM GRIFFITH 

 Justice



Opinion delivered March 17, 2004.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.























(PUBLISH)