COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-086-CV
 
  
IN RE J. MICHAEL FINCHER, P.C.,
J. MICHAEL FINCHER, INDIVIDUALLY,
BENJAMIN JOHNSON, JOHN M. MARTINECK,
MICHAEL HAVARD, AND
PROVOST UMPHREY LAW FIRM, L.L.P.                                     RELATORS
  
 
AND
 
  
NO. 2-04-088-CV
  
  
J. MICHAEL FINCHER, P.C.,
J. MICHAEL FINCHER, INDIVIDUALLY,
BENJAMIN JOHNSON, JOHN M. MARTINECK,
MICHAEL HAVARD, AND
PROVOST UMPHREY LAW FIRM, L.L.P.                                  APPELLANTS
 
V.
 
HARROLD E. (GENE) WRIGHT AND
PAT S. HOLLOWAY, P.C.                                                        APPELLEES
 
 
------------
 
FROM THE 211TH DISTRICT COURT OF DENTON 
COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        These 
are consolidated proceedings involving the trial court’s denial of a motion to 
transfer venue. J. Michael Fincher, P.C., J. Michael Fincher, individually, 
Benjamin Johnson, John M. Martineck, Michael Havard, and Provost Umphrey Law 
Firm, L.L.P. (the “Fincher Defendants”) first filed an original proceeding 
in this court as relators, then filed an interlocutory appeal as 
appellants.  The Fincher Defendants contend that they are entitled to 
relief in their original proceeding and assert their interlocutory appeal only 
in the alternative if we deny their petition for writ of mandamus.
II. Background Facts
        Harrold 
E. (Gene) Wright filed suit against the Fincher Defendants in Harris County 
alleging claims arising out of a Multi-Relator/Counsel Agreement (MRCA) that he 
and the Fincher Defendants entered into to coordinate their efforts in several 
separate qui tam lawsuits.  The Fincher Defendants subsequently moved to 
transfer venue to Jefferson County.  After lengthy discovery and a hearing 
on the venue motion, the Harris County trial court granted the motion and 
ordered the trial court clerk to transfer the case to Jefferson County.  
Wright then filed a nonsuit of his claims in Harris County; however, the Harris 
County clerk had already transferred the case to Jefferson County.  Wright 
filed an additional notice of nonsuit in Jefferson County, which the Jefferson 
County trial court granted on September 19, 2003.
        On 
August 29, 2003, Wright and Pat S. Holloway, P.C. (Holloway)—the firm that 
represented Wright in connection with Wright’s qui tam lawsuit—filed suit as 
coplaintiffs against four of the Fincher Defendants in Denton County. Wright and 
Holloway later added the remaining Fincher Defendants in an amended 
petition.  The allegations in the Denton County suit are identical to the 
allegations in the Harris County suit.  The Fincher Defendants moved to 
transfer venue of the case, claiming that because the Harris County court had 
previously determined that venue should be transferred to Jefferson County, 
equity and controlling case law mandate that venue is fixed in Jefferson County.
        In 
their response, Wright and Holloway noted that John M. Martineck, one of the 
defendants, resided in Denton County.  See Tex. Civ. Prac. & Rem. Code Ann. 
§§ 15.002(a)(2), 15.005 (Vernon 2002) (providing that venue is proper if at 
least one defendant resides in county).  They averred that the Fincher 
Defendants did not contend that venue was improper as to Holloway; thus, venue 
for Holloway’s claims was fixed in Denton County.  They further claimed 
that venue was proper as to Wright because if more than one venue is proper, a 
plaintiff may file suit in his choice of venue.
        At 
the hearing on the motion to transfer, the parties conceded that if no cases had 
been filed before the Denton County action, venue would be proper in Denton 
County because one of the Fincher Defendants resided there.  See id.  
All of the Fincher Defendants’ arguments as to the impropriety of venue 
related to the previous action filed by Wright.  The Fincher Defendants 
admitted to the trial court that the issue of whether the case should be 
dismissed as to Wright only was problematic: 
 
There is 
no case law addressing what happens in this scenario where one plaintiff 
[Holloway], if it were not for the prior history, could have brought his case in 
Denton but he has joined up with a plaintiff [Wright] who . . . has mandatory 
venue in Jefferson County.  We would argue that for judicial economy, to 
avoid fracturing the cases, to avoid inconsistent rulings, and for equity . . . 
that it only makes sense that Mr. Holloway’s case be transferred along side 
[sic]. Otherwise, all kinds of havoc could be wreaked as these cases proceed 
towards dual and possibly inconsistent judgments.
 
        In 
addition to arguing that venue as to Wright was not fixed in Harris County 
because of the addition of Holloway as a plaintiff, Wright and Holloway argued 
that even if venue in Denton County is improper as to Wright, Wright had 
established that his joinder as a plaintiff was proper under section 15.003 of 
the civil practice and remedies code. Id. § 15.003 (Vernon Supp. 
2004).  The trial court questioned the parties extensively about whether 
the addition of Holloway as a plaintiff abrogated the effect of the Harris 
County court’s prior venue determination as to Wright.  The Fincher 
Defendants claimed that the addition of Holloway “doesn’t change the 
analysis of Mr. Wright.”
        Ultimately, 
the trial court denied the Fincher Defendants’ motion to transfer in a general 
order that did not specify its reasons.  They filed two motions to 
reconsider. In their second motion, they asserted that Holloway’s claims are 
derivative of Wright’s claims; thus, Holloway is in privity with Wright and 
should also be bound by the Harris County court’s venue determination.  
The trial court also denied the motions to reconsider without specifying its 
reasons.
        After 
the trial court’s denial of their motions to reconsider, the Fincher 
Defendants filed an original proceeding in this court, requesting that we issue 
mandamus to compel the trial court to transfer venue to Jefferson County as to 
both Wright and Holloway.  They subsequently filed an interlocutory appeal 
of the trial court’s ruling, asserting in the alternative that if this court 
determines that venue is proper as to Holloway, that as to Wright, venue should 
be transferred to Jefferson County.
III. No Jurisdiction to Consider Interlocutory Appeal
        Because 
whether the Fincher Defendants are entitled to mandamus relief is impacted by 
the availability of interlocutory appeal, we review that issue first.  See 
In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding) (stating 
general rule that mandamus available only when relator has no adequate remedy by 
appeal). Interlocutory appeal is available under former section 15.003(c) of the 
civil practice and remedies code from a ruling allowing or disallowing joinder 
of a plaintiff who is unable to independently establish venue.[1]  
Mobil Oil Corp. v. Shores, 128 S.W.3d 718, 721 (Tex. App.—Fort Worth 
2004, no pet.) (op. on reh'g).  Interlocutory appeal is not available, 
however, from a trial court’s determination—even if erroneous—that each 
plaintiff in a case has independently established that venue is proper in the 
county of suit.  See Am. Home Prods. Corp. v. Clark, 38 S.W.3d 92, 
96 (Tex. 2000).
        Because 
the trial court’s orders denying the motion to transfer venue and motion to 
reconsider do not specify the grounds for the denial (i.e., whether both Wright 
and Holloway independently established venue or whether—if either Wright or 
Holloway was unable to independently establish venue—joinder was proper under 
section 15.003), we abated the appeal and ordered the trial court to issue an 
order clarifying the basis for its rulings.  See id. at 96-97; Elec. 
Data Sys. Corp. v. Pioneer Elec. (USA) Inc., 68 S.W.3d 254, 256 (Tex. 
App.—Fort Worth 2002, no pet.).  The trial court issued a Clarification 
Order indicating that its ruling “was based on its determination that each 
Plaintiff independently established venue in Denton County, and that joinder of 
Wright with Holloway is proper.”  Because the trial court determined that 
Wright and Holloway independently established venue in Denton County, we do not 
have jurisdiction over the Fincher Defendants’ interlocutory appeal and must 
dismiss the appeal for want of jurisdiction.[2]  
Having determined that we do not have jurisdiction over the interlocutory 
appeal, we next address the Fincher Defendants’ claims in their petition for 
writ of mandamus.
IV. Mandamus Proper to Correct Erroneous Venue 
Procedure
        In 
their petition for writ of mandamus, the Fincher Defendants contend that the 
trial court abused its discretion in denying the motion to transfer venue as to 
both Wright and Holloway because collateral estoppel bars reconsideration of the 
Harris County court’s venue ruling.
        Mandamus 
relief is appropriate only if a trial court abuses its discretion and there is 
no adequate appellate remedy.  In re CSX Corp., 124 S.W.3d 149, 151 
(Tex. 2003) (orig. proceeding).  A clear failure by the trial court to 
analyze or apply the law correctly constitutes an abuse of discretion.  Walker 
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992); In re Noteboom, 111 
S.W.3d 794, 797 (Tex. App.—Fort Worth 2003, orig. proceeding).
A. Trial Court Abused Its Discretion by Denying 
Transfer as to Wright
        The 
Fincher Defendants contend that the trial court abused its discretion by not 
transferring venue of Wright’s claims because the Harris County court’s 
venue determination was final.  A final judgment on venue is conclusive on 
the parties as to the issue of venue and irrevocably fixes venue of any suit 
involving the same subject matter and parties.  Miller v. State & 
County Mut. Fire Ins. Co., 1 S.W.3d 709, 712 (Tex. App.—Fort Worth 1999, 
pet. denied).  A trial court’s ruling transferring venue is interlocutory 
as to the parties, but final as to the transferring court if not altered within 
its plenary jurisdiction.  See In re S.W. Bell Tel. Co., 35 S.W.3d 
602, 605 (Tex. 2000) (orig. proceeding).  A nonsuit taken after a trial 
court has transferred venue but within its plenary jurisdiction is final as to 
the trial court’s venue determination.  See Le v. Kilpatrick, 112 
S.W.3d 631, 633-34 (Tex. App.—Tyler 2003, no pet.); Hendrick Med. Ctr. v. 
Howell, 690 S.W.2d 42, 44 (Tex. App.—Dallas 1985, orig. proceeding).
        Thus, 
because Wright nonsuited the Harris County case after the Harris County court 
determined that venue was proper in Jefferson County, venue as to Wright is 
fixed in Jefferson County, and Wright is collaterally estopped from asserting 
otherwise.  Accordingly, we hold that the trial court abused its discretion 
in denying the motion to transfer venue as to Wright.
B. Trial Court Did Not Abuse Its Discretion by Denying 
Transfer as to Holloway
        The 
Fincher Defendants further contend that Holloway is collaterally estopped from 
establishing venue in Denton County because he was in privity with Wright in the 
Harris County suit.  See Miller, 1 S.W.3d at 713 (holding 
that officers and directors of original plaintiff, who were not named as 
coplaintiffs until subsequent suit, were collaterally estopped from establishing 
venue because they were in privity with plaintiff in original suit in which 
venue was finally determined in another county).  A party is in privity 
with another if (1) the party controlled an action, (2) its interests were 
represented by a party to the action, or (3) it is the successor in interest of 
a party to an action.  Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 
653 (Tex. 1996).  To determine whether subsequent plaintiffs are in privity 
with prior plaintiffs, we must examine the interests the parties shared.  Id.  
Privity exists if the parties share an identity of interests in the basic legal 
right that is the subject of the litigation. Id. That persons may happen 
to be interested in the same question or in proving the same facts does not 
alone establish privity between them.  McGowen v. Huang, 120 S.W.3d 
452, 463 (Tex. App.—Texarkana 2003, pet. filed); Mayes v. Stewart, 11 
S.W.3d 440, 449 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).
        Here, 
the petitions filed in Harris and Denton counties allege identical facts and 
theories of recovery based on the Fincher Defendants’ alleged breaches of 
duties under the MRCA.  The Fincher Defendants contend that Holloway was in 
privity with Wright in the first suit because Holloway’s rights under the MRCA, 
to recovery of contingency and statutory attorney’s fees, are solely 
derivative of Wright’s.  See Dow Chem. Co. v. Benton, 163 Tex. 
477, 357 S.W.2d 565, 567 (1962) (holding that a lawyer’s rights under a 
contingency fee contract are “wholly derivative from those of his client” 
and that “[t]he attorney-client relationship is one of principal and 
agent”).  However, an attorney representing a client pursuant to a 
contingency fee contract is merely the party’s legal representative, and not a 
coplaintiff, in the case in which the attorney is representing the client.  
See id. at 568.
        Wright 
and Holloway were both parties to the MRCA.  The MRCA provides that any 
recovery on any of the qui tam suits would be split among the plaintiffs 
according to certain percentages.  Then, attorneys’ fees would be 
calculated from each plaintiff’s recovery according to the percentages set 
forth in the contingency fee contracts between the individual plaintiffs and 
their attorneys.  Finally, all of the attorneys’ fees would be pooled, 
and each group of attorneys representing the plaintiffs would receive one-third 
of the total amount of attorneys’ fees.  The MRCA also provides that each 
attorney would be able to seek statutory attorneys’ fees and costs (separately 
from the contingency fee contracts) as part of the recovery under the lawsuits; 
however, it also provided that the attorneys would work together so that all 
attorneys would be able to recover such fees and costs.
        Thus, 
it appears that while Holloway and Wright both had an interest in obtaining the 
maximum amount of recovery for the plaintiffs in the qui tam lawsuits (because 
the higher the plaintiffs’ recovery, the higher the attorneys’ fees to be 
pooled), Holloway also had a separate interest in obtaining statutory 
attorneys’ fees and costs (to which Wright had no claim) and a separate right 
to enforce the obligation of the attorneys included in the group of Fincher 
Defendants to work with him in trying to obtain statutory attorneys’ fees and 
costs for all of the attorneys involved in the qui tam suits.  Because 
Holloway had an interest in the MRCA separate and apart from his client’s, we 
hold that Wright and Holloway were not in privity with each other in the Harris 
County suit.  Thus, Holloway is not bound by the Harris County court’s 
determination of venue, and venue as to Holloway’s claims is proper in Denton 
County.
C. Trial Court Failed to Follow Proper Venue Procedure
        Having 
determined that the trial court abused its discretion in denying the motion to 
transfer venue as to Wright, but not Holloway, we must next determine whether 
the Fincher Defendants have an adequate remedy by appeal from the trial 
court’s erroneous ruling as to Wright.  See Kuntz, 124 S.W.3d at 
181.
        Generally, 
venue decisions are not reviewable by mandamus because an appeal is available 
once trial has concluded, and improper venue is automatically reversible 
error.  Tex. Civ. Prac. & Rem. 
Code Ann. § 15.064(b); In re Masonite Corp., 997 S.W.2d 194, 197 
(Tex. 1999) (orig. proceeding); Polaris Inv. Mgmt. Corp. v. Abascal, 892 
S.W.2d 860, 862 (Tex. 1995) (orig. proceeding); Bell Helicopter Textron, Inc. 
v. Walker, 787 S.W.2d 954, 955 (Tex. 1990) (orig. proceeding).  The 
supreme court has made exceptions for venue determinations in family law cases, 
cases in which another court’s jurisdiction is interfered with, cases in which 
judicial economy dictates it, cases in which venue was transferred without 
proper notice to the parties, and cases in which mandamus is required by 
statute.[3]  The Supreme Court has characterized 
three of these cases, Masonite, HCA, and Henderson, as being 
“rare occasion[s that] we have issued mandamus to correct improper venue 
procedure but not to review the propriety of venue in the county of 
suit.”  Mo. Pac. R.R., 998 S.W.3d at 215 n.18.
        According 
to the Fincher Defendants, this case involves the trial court’s use of 
improper venue procedure; thus, the trial court’s ruling—like the trial 
court rulings in Masonite, HCA, and Henderson—is correctable by 
mandamus.  The improper procedure alleged by the Fincher Defendants is the 
trial court’s violation of civil procedure rule 87(5), which provides that a 
trial court may make only one venue determination in a case:
 
If venue 
has been sustained as against a motion to transfer, or if an action has been 
transferred to a proper county in response to a motion to transfer, then no 
further motions to transfer shall be considered regardless of whether the 
movant was a party to the prior proceeding or was added as a party subsequent to 
the venue proceedings, unless the motion to transfer is based on the grounds 
that an impartial trial cannot be had under Rules 257-259 or on the ground of 
mandatory venue, provided that such claim was not available to the other movant 
or movants.
 
 
Tex. R. Civ. P. 87(5) (emphasis added). 
The Fincher Defendants contend that the trial court’s determination that 
Wright independently established venue in Denton County—after being informed 
that the Harris County court had transferred Wright’s case to Jefferson 
County—constitutes a second venue determination in violation of rule 87(5).
        Employing 
the same reasoning as the Fincher Defendants, the Beaumont court of appeals has 
recently conditionally granted mandamus in a similar case. In re Shell Oil 
Co., 128 S.W.3d 694, 696-97 (Tex. App.—Beaumont 2004, orig. proceeding). 
In Shell Oil, the plaintiffs, William and Eva Simpson, originally filed 
suit in Orange County, and the defendants filed a motion to transfer venue to 
Harris County. Id. at 695. After the defendants requested the venue 
transfer, the Simpsons filed suit against the same defendants in Jefferson 
County but did not obtain service. Id. The Orange County court 
subsequently transferred the case pending in that court to Harris County. Id. 
The Simpsons eventually nonsuited that case. Id. at 695-96. The 
defendants then filed a motion to transfer the case pending in Jefferson County 
to Harris County. Id. at 696. After the Jefferson County court denied the 
motion, the defendants filed an original proceeding asking the appellate court 
to order the Jefferson County court to transfer venue to Harris County. Id.
        In 
determining that the Jefferson County court abused its discretion by refusing to 
transfer venue of the case to Harris County, the Beaumont court of appeals 
relied on the holding in Miller that “[v]enue of any subsequent suit 
involving the same subject matter and the same parties as the initial suit is 
governed by the venue determination in the initial suit.”  Id. 
(citing Miller, 1 S.W.3d at 713).  The court of appeals also relied 
on rule 87(5), holding that once the Orange County court made a final venue 
determination, rule 87(5) “precluded any rehearing of that ruling on the trial 
court level.”  Id.  Regarding whether Shell Oil Company and 
the other defendants had an adequate remedy at law, the court held that
 
[t]he 
trial court’s refusal of the motion to transfer the suit to the previously 
determined county of venue presents exceptional circumstances.  In 
exceptional circumstances—such as when a trial judge makes no attempt to 
follow Rule 87 and acknowledges deviation from required procedure—mandamus 
will issue to correct improper venue procedure.
 
Id.  Thus, 
the court of appeals conditionally granted a writ of mandamus ordering the trial 
court to transfer venue of the case to Harris County.[4]  
Id. at 697.
        In 
determining whether this case involves improper venue procedure, we rely on the 
reasoning in Shell Oil.  While on its face rule 87(5) appears to 
apply only to venue determinations by the same trial court in the same case, the 
same principle should apply to prohibit a subsequent trial court—in a case 
involving the same parties and claims—from making its own venue determination 
independently of the first court.  See id. at 696-97; Houston 
Livestock Show & Rodeo, Inc., 125 S.W.3d 555, 569 (Tex. App.—Austin 
2003, no pet.).  Thus, the reasoning employed by the Beaumont and Austin 
courts of appeals—that if only one venue determination may be made in a single 
proceeding in the same trial court, it follows that only one final venue 
determination may be made in a case involving the same parties and claims in 
different trial courts—applies to the instant case as well.
        Because 
we hold that the trial court did not comply with proper venue procedure in 
ruling on the Fincher Defendants’ motion to transfer venue to Jefferson County 
in this case, we conclude that mandamus is proper to correct its ruling.  See 
Shell Oil Co., 128 S.W.3d at 696-97.
V. Conclusion
        Having 
determined that we do not have jurisdiction to consider the Fincher 
Defendants’ interlocutory appeal under former section 15.003 of the civil 
practice and remedies code, we dismiss the appeal for want of 
jurisdiction.  See Elec. Data Sys. Corp., 68 S.W.3d at 260.  
However, having also determined that (a) the trial court abused its discretion 
by denying the motion to transfer venue as to Wright and (b) mandamus is 
appropriate to correct the trial court’s use of improper venue procedure, we 
conditionally grant the Fincher Defendants’ petition and order the trial court 
to transfer venue of Wright’s claims to Jefferson County.  A writ of 
mandamus will issue only if the trial court fails to comply with these 
instructions.
 
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED: July 8, 2004


NOTES
1.  Because this suit was filed 
before September 1, 2003, the prior version of section 15.003 governs. See 
Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. 
Gen. Laws 847, 899.
2.  While the trial court’s order 
appears to be inconsistent in that a joinder determination under section 15.003 
is made only if the trial court determines that at least one of multiple 
plaintiffs is unable to independently establish venue, see Am. Home Prods. 
Corp. v. Bernal, 5 S.W.3d 344, 346 (Tex. App.—Corpus Christi 1999, no 
pet.) (op. on reh'g), it clearly states that the trial court determined that 
both Wright and Holloway independently established venue.  Cf. Elec. 
Data Sys. Corp., 68 S.W.3d at 256 (holding that appellate court had no 
jurisdiction over interlocutory appeal from trial court’s determination that 
each plaintiff independently established venue and, in the alternative, that 
joinder was proper under former section 15.003).
3.  See In re SWEPI, L.P., 
85 S.W.3d 800, 809 (Tex. 2002) (orig. proceeding) (holding mandamus appropriate 
where another court’s jurisdiction was interfered with); In re Mo. Pac. 
R.R., 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding) (holding mandamus 
appropriate when statute so dictates regardless of adequacy of appeal); Masonite 
Corp., 997 S.W.2d at 198 (5-4 decision) (holding mandamus appropriate when 
“[t]he effect of the trial court's disregard for the parties' pleadings, the 
facts, and the law is that the claims of hundreds of plaintiffs, instead of 
being tried in a proper forum, are now being tried in multiple improper forums 
[fourteen]—all trials with automatic reversible error”); HCA Health Servs. 
of Tex., Inc. v. Salinas, 838 S.W.2d 246, 248 (Tex. 1992) (orig. proceeding) 
(holding mandamus appropriate when one court actively interferes with 
jurisdiction of another); Henderson v. O'Neill, 797 S.W.2d 905, 905 (Tex. 
1990) (orig. proceeding) (holding mandamus appropriate when venue transferred 
without proper notice to parties under rules of civil procedure); Proffer v. 
Yates, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (mandamus 
appropriate regarding venue decisions in cases involving child support and 
custody).
4.  But see In re Mendoza, 
83 S.W.3d 233, 234-36 (Tex. App.—Corpus Christi 2002, orig. proceeding), in 
which the court of appeals determined, without discussing the merits of the 
trial court’s venue ruling, that the trial court’s decision not to transfer 
venue to Hidalgo County—where the district court had previously denied a 
motion to transfer venue in a case involving the same auto accident and same 
parties—was not subject to mandamus because the defendants did not allege that 
the trial court had violated a mandatory venue provision of chapter 15 of the 
Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. § 
15.0642 (providing that mandamus relief is available to enforce mandatory venue 
provisions of chapter 15).