NUMBER 13-08-00134-CV

COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG


 


IN RE: DONOVAN RAYMOND GIBBS 


On Petition for Writ of Mandamus 


MEMORANDUM OPINION (1)


Before Chief Justice Valdez and Justices Garza and Benavides

Memorandum Opinion Per Curiam


 Relator, Donovan Raymond Gibbs ("Gibbs"), has filed a petition for writ of
mandamus in which he asks this Court to compel respondent, the Honorable Arnoldo
Cantu, presiding judge of Hidalgo County Court at Law No. 5, to vacate his order denying
relator's motion to transfer venue. The Court requested a response from the real parties
in interest, Irene M. Garza ("Garza"), individually and as next friend of J.G., a minor, and
Mary Lou Espinoza ("Espinoza"). The real parties in interest have not filed a response and
no motion regarding the response is pending. Nonetheless, we find relator has not
demonstrated a lack of an adequate remedy at law and we deny the writ.

I. BACKGROUND (2)

 Based on the limited record before us, the underlying lawsuit is a negligence action. 
Garza, J.G., and Espinoza were involved in an automobile accident in Denton County,
Texas. They filed suit against Margarito Salazar and Gibbs in Hidalgo County, Texas. 
Gibbs filed a motion to transfer venue, arguing that the general venue provisions called for
the suit to be brought in Denton County rather than Hidalgo County. See Tex. Civ. Prac.
& Rem. Code. Ann. § 15.002(a) (Vernon 2002). The trial court denied Gibbs' motion to
transfer venue, and he now petitions this Court for mandamus relief.

II. DISCUSSION We lack jurisdiction to issue writs of mandamus to supervise or correct incidental
trial rulings when there is an adequate remedy by appeal. Bell Helicopter Textron, Inc. v.
Walker, 787 S.W.2d 954, 955 (Tex. 1990). Incidental rulings include venue
determinations. Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals, 929 S.W.2d
440, 441 (Tex. 1996). Section 15.0642 of the civil practice and remedies code provides
an exception to the general rule by allowing a party to apply for a writ of mandamus to
enforce mandatory venue provisions. See Tex. Civ. Prac. & Rem. Code. Ann. § 15.0642
(Vernon 2002). However, section 15.002, cited by relator, is a general venue provision and
is not mandatory. Id. at § 15.002. 

 Our mandamus jurisdiction does not encompass the enforcement of general venue
provisions. See Tex. Civ. Prac. & Rem. Code. Ann. § 15.0642; see, e.g., In re Mendoza,
83 S.W.3d 233, 236 (Tex. App.-Corpus Christi 2002, orig. proceeding). Furthermore,
relator has an adequate remedy at law. See Tex. Civ. Prac. & Rem. Code. Ann. § 15.064
(Vernon 2002) (providing that on appeal from trial on the merits, if venue was improper it
shall in no event be harmless error and shall be reversible error).

 III. CONCLUSION

 Accordingly, Gibbs' petition for mandamus relief is DENIED.


 Per Curiam


Memorandum Opinion delivered and 

filed this the1st day of April, 2008.

 






 
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is
not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. The record includes: (1) plaintiffs'/real parties' in interest original petition; (2) defendant's motion
to transfer venue; (3) defendant's original answer; and (4) plaintiffs'/real parties' in interest response to
defendant's motion to transfer venue. See Tex. R. App. P. 52.7 (providing that the relator must file with the
petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was
filed in any underlying proceeding).