

NUMBER 13-08-00134-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: DONOVAN RAYMOND GIBBS

## On Petition for Writ of Mandamus

## MEMORANDUM OPINION[1]

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion Per Curiam**

Relator, Donovan Raymond Gibbs ("Gibbs"), has filed a petition for writ of mandamus in which he asks this Court to compel respondent, the Honorable Arnoldo Cantu, presiding judge of Hidalgo County Court at Law No. 5, to vacate his order denying relator's motion to transfer venue. The Court requested a response from the real parties

---

[1]*See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

in interest, Irene M. Garza ("Garza"), individually and as next friend of J.G., a minor, and Mary Lou Espinoza ("Espinoza"). The real parties in interest have not filed a response and no motion regarding the response is pending. Nonetheless, we find relator has not demonstrated a lack of an adequate remedy at law and we deny the writ.

## I. BACKGROUND[2]

Based on the limited record before us, the underlying lawsuit is a negligence action. Garza, J.G., and Espinoza were involved in an automobile accident in Denton County, Texas. They filed suit against Margarito Salazar and Gibbs in Hidalgo County, Texas. Gibbs filed a motion to transfer venue, arguing that the general venue provisions called for the suit to be brought in Denton County rather than Hidalgo County. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2002). The trial court denied Gibbs' motion to transfer venue, and he now petitions this Court for mandamus relief.

## II. DISCUSSION

We lack jurisdiction to issue writs of mandamus to supervise or correct incidental trial rulings when there is an adequate remedy by appeal. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990). Incidental rulings include venue determinations. *Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals*, 929 S.W.2d 440, 441 (Tex. 1996). Section 15.0642 of the civil practice and remedies code provides an exception to the general rule by allowing a party to apply for a writ of mandamus to enforce mandatory venue provisions. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 15.0642

---

[2] The record includes: (1) plaintiffs'/real parties' in interest original petition; (2) defendant's motion to transfer venue; (3) defendant's original answer; and (4) plaintiffs'/real parties' in interest response to defendant's motion to transfer venue. *See* TEX. R. APP. P. 52.7 (providing that the relator must file with the petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding).

(Vernon 2002). However, section 15.002, cited by relator, is a general venue provision and is not mandatory. *Id.* at § 15.002.

Our mandamus jurisdiction does not encompass the enforcement of general venue provisions. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 15.0642; *see, e.g., In re Mendoza*, 83 S.W.3d 233, 236 (Tex. App.–Corpus Christi 2002, orig. proceeding). Furthermore, relator has an adequate remedy at law. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 15.064 (Vernon 2002) (providing that on appeal from trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error).

### III. CONCLUSION

Accordingly, Gibbs' petition for mandamus relief is DENIED.

Per Curiam

Memorandum Opinion delivered and
filed this the1st day of April, 2008.