

### NUMBER 13-15-00608-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE RED DOT BUILDING SYSTEM, INC.

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Per Curiam Memorandum Opinion[1]

Relator, Red Dot Building System, Inc. ("Red Dot"), filed a petition for writ of mandamus requesting that this Court direct respondent, the Honorable Sergio Valdez, Presiding Judge of Hidalgo County Court-at-Law Number 7, to withdraw his order denying relator's motion to transfer venue and motion to abate. In addition, relator requests that this Court issue immediate temporary relief staying the upcoming trial date of January 7, 2015 in this matter. *See* TEX. R. APP. P. 52.10 ("Temporary Relief").

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the petition for writ of mandamus and companion motion for temporary relief should both be denied. *See* TEX. R. APP. P. 52.8(d).

## I.    BACKGROUND

On January 5, 2015, Red Dot filed suit in Henderson County against the real party in interest, Rigney Construction & Development, LLC ("Rigney Construction"), related to alleged money owed under a purchase order contract entered into by Red Dot and Rigney Construction ("the Henderson County lawsuit"). On February 6, 2015, Rigney Construction filed a lawsuit in Hidalgo County against Red Dot alleging causes of action for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and accord and satisfaction related to a contract for work on a construction project ("the Hidalgo County lawsuit").

On March 2, 2015, Red Dot filed a motion to transfer venue, original answer, verified denial, and motion to abate in the Hidalgo County lawsuit asserting that the pending Henderson County lawsuit involves the same parties and the same claims, and as such, requesting that either the trial court transfer venue of the Hidalgo County lawsuit to Henderson County or abate the Hidalgo County lawsuit. On July 24, 2015, the Hidalgo County trial court denied Red Dot's motion to transfer venue and motion to abate.

On August 10, 2015, Rigney Construction filed a motion to transfer venue, plea in abatement, and original answer in the Henderson County lawsuit alleging that venue was not proper in Henderson County, but that venue was instead proper in Hidalgo County. On October 12, 2015, the Henderson County trial court denied Rigney Construction's motion to transfer venue.

2

On October 30, 2015, Rigney Construction filed an application for anti-suit injunction in the Hidalgo County lawsuit, which asserted that the injunction was necessary in order to "prevent Red Dot from robbing [the Hidalgo County court] of dominant jurisdiction . . . ." On November 3, 2015, Rigney Construction applied for an ex-parte temporary restraining order and request for temporary injunction in the Hidalgo County trial court to enjoin Red Dot from "prosecuting, requesting any relief, attempting to depose any party in the cause of action or taking any further action in the Henderson County Lawsuit. . . ." That same day, the trial court granted the temporary restraining order. On November 5, 2015, the Hidalgo County trial court extended the temporary restraining order for fourteen days, scheduled the injunction hearing for November 18, 2015, ordered the parties to mediation, and set the case for a jury trial on January 11, 2016. On November 12, 2015, the Henderson County trial court set the Henderson County lawsuit for a jury trial on January 11, 2016.

On November 19, 2015, the Hidalgo County trial court granted Rigney Construction's request for temporary injunction until 5 p.m. on November 30, 2015 and reset the trial in the case to January 5, 2016. This original proceeding ensued. In its petition for writ of mandamus, Red Dot requests that we direct the trial court to withdraw its order denying Red Dot's motion to transfer venue and/or motion to abate and instruct the trial court to transfer the Hidalgo County lawsuit to Henderson County. In its corresponding motion for temporary relief, Red Dot moves that we issue a temporary order staying the January 5, 2016 trial court date for the Hidalgo County lawsuit "until such time as the Court has had an opportunity to review and consider [Red Dot's] request for mandamus relief. . . ."

## II.   STANDARD OF REVIEW

To be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal.   *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 468 (Tex. 2008) (orig. proceeding).   A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.   *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).   With respect to resolution of factual issues or matters committed to the trial court's discretion, for example, the reviewing court may not substitute its judgment for that of the trial court.   *Id.*   The relator must establish that the trial court could reasonably have reached only one decision.   *Id.* at 840.   Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable.   *Id.*   A trial court has no "discretion" in determining what the law is or applying the law to the facts.   *Id.*   Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ.   *Id.*

The party seeking relief has the burden to present the appellate court with a record sufficient to establish the right to mandamus relief.   *Walker*, 827 S.W.2d at 837.   Mandamus is intended to be an extraordinary remedy, available only in limited circumstances.   *Id.* at 840.   The writ will issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.   *Id.*   The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice.   *Id.*

### III. MOTION TO TRANSFER VENUE

Red Dot first asks this Court to vacate the trial court's order denying its motion to transfer venue. Generally, venue determinations as a rule are not reviewable by mandamus. *In re Mendoza*, 83 S.W.3d 233, 236 (Tex. App.—Corpus Christi 2002, no pet.) (orig. proceeding) (citing *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). However, a party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions under the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West, Westlaw through 2015 R.S.); *see also In re Mendoza*, 83 S.W.3d at 236 (recognizing the exception). Additionally, on rare occasions, an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional. *In re Masonite Corp.*, 997 S.W.2d at 197.

Under Texas venue law, the plaintiff has the first choice to fix venue in a proper county by filing the suit in the county of his choice. *See id.* If a defendant, through a motion to transfer venue, objects to the plaintiff's venue choice, the plaintiff must prove that venue is proper in the county of suit or face a transfer of his suit to a county of proper venue. *Id.* If the plaintiff meets the burden, the trial court must maintain the lawsuit in the county where it was filed. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260–61 (Tex. 1994).

In this case, Red Dot does not assert in its petition for writ of mandamus that the mandatory venue provisions of the civil practice and remedies code are at issue in this case, and confirm this fact in its motion to transfer venue, to trigger the mandatory venue exception to entitle it to mandamus relief. Furthermore, Rigney Construction laid out specific facts and reasons in its response to Red Dot's motion to transfer venue to meet its initial burden to show why venue for the Hidalgo County lawsuit was proper in Hidalgo

5

County and is thus, distinguishable from the mandamus relief granted in *In re Masonite* based upon exceptional circumstances. Accordingly, we hold that the respondent's ruling on Red Dot's motion to transfer venue may not be reviewed by mandamus. *See In re Masonite Corp.*, 997 S.W.2d at 197; *In re Mendoza*, 83 S.W.3d at 236.

## IV. MOTION TO ABATE

Red Dot next asks us to vacate the trial court's ruling that denied its motion to abate the Hidalgo County lawsuit. However, the Texas Supreme Court has held that the refusal of a trial court to abate an action based on the pendency of another action is not reviewable by mandamus unless the courts were directly interfering with each other by issuing conflicting orders or injunctions. *Hall v. Lawlis*, 907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding) (per curiam); *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985).

Although the respondent issued a temporary injunction related to the Henderson County lawsuit, the injunction expired on November 30, 2015 and was not in effect at the time Red Dot filed its petition for writ of mandamus and emergency motion for temporary relief. Red Dot further confirms this fact in a pleading filed in Hidalgo County which stated that "Red Dot is not enjoined from pursuing its claims in the Henderson County matter involving the same parties and claims." Therefore, we hold that Red Dot is not entitled to mandamus relief on this issue.

## V. CONCLUSION

For the foregoing reasons, Red Dot's petition for writ of mandamus and emergency motion for temporary relief are both DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
29th day of December, 2015.

6