**In re Jimmy Lee SWEED, Relator.**

**No. 08–07–00130–CV.**

Court of Appeals of Texas, El Paso.

June 21, 2007.

Jimmy Lee Sweed, El Paso, pro se.

Jose R. Rodriguez, County Attorney, El Paso, for Interested Party.

Before CHEW, C.J., McCLURE, and CARR, JJ.

### OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

In his petition for mandamus, Sweed seeks a mandamus against the trial court on the ground that the court misapplied the law and clearly abused its discretion in granting the defendant's plea to the jurisdiction. For the following reasons, we deny Sweed's petition for mandamus relief.

**126**

Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992)(orig.proceeding). In addition, there must be no other adequate remedy at law. *Id.* at 840.

Sweed alleges the trial court misapplied the law under the Texas Civil Practice and Remedies Code Section 101.021(1) & (2) because the court did have subject matter jurisdiction over El Paso County Jail, a defendant in the case. Section 101.021 states:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex.Civ.Prac. & Rem.Code Ann. § 101.021(1) & (2)(Vernon 2005).

Thus, Sweed contends the El Paso County Jail as a governmental unit defendant is liable to him for his alleged injuries by the conditions and use of its alleged tangible personal property through the wrongful act or omission or negligence of its employees.

Mandamus will issue only when there is no other adequate remedy at law. *Walker*, 827 S.W.2d at 840. In this case, mandamus relief will not issue to supervise or correct incidental rulings of a trial judge, such as a pleas to the jurisdiction, when there is an adequate remedy by appeal. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954 (Tex.1990). Because Relator has an adequate remedy by appeal, we deny mandamus relief.

CHEW, C.J., not participating.