

# NUMBER 13-14-00118-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MADHAVAN PISHARODI, M.D.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Benavides and Longoria
## Memorandum Opinion Per Curiam[1]

Relator, Madhavan Pisharodi, M.D., filed a petition for writ of mandamus in the above cause on February 21, 2014, contending that the trial court abused its discretion in denying relator's motion to dismiss and plea to the jurisdiction because: (1) the real parties in interest and plaintiffs below, Torbury Limited Partnership, TW & Associates, LTD, Paul Lenz, Vickie Miles Rodriguez, Richard Slaydon, Chi D. Nguyen, M.D., Carlos

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Rosas, M.D., Chruma Partnership, LP, and Umang Khetarpal, M.D., lack standing as individual members of Brownsville Doctors Hospital, LLC ("LLC") to assert claims for losses to the LLC because those claims belong to the LLC and not its individual members; and (2) the real parties failed to comply with the written demand requirement in the Texas Business Organizations Code for derivative actions against LLCs. *See* TEX. BUS. ORG. CODE ANN. § 101.453 (West, Westlaw through 2013 3d C.S.). This Court requested and received a response to the petition for writ of mandamus from the real parties in interest and further received a reply thereto from relator.

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as

categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* As a general rule, mandamus relief will not issue to correct an incidental trial court ruling, such as a plea to the jurisdiction, when there is an adequate remedy by appeal. *See In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding); *In re State Bar of Texas*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990); *In re Sweed*, 234 S.W.3d 125, 126 (Tex. App.—El Paso 2007, orig. proceeding).

Ordinarily, the cause of action for injury to the property of a corporation, or the impairment or destruction of its business, is vested in the corporation as distinguished from its stockholders even though it may result indirectly in loss of earnings to the stockholders; however, this rule does not prohibit a stockholder from recovering damages for wrongs done to him individually where the wrongdoer violates a duty arising from contract or otherwise, and owing directly by him to the stockholder. *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990). Appellate courts have also recognized an individual cause of action for shareholder oppression or oppressive conduct. *Redmon v. Griffith*,

3

202 S.W.3d 225, 234 (Tex. App.—Tyler 2006, pet. denied). In the instant case, the "Plaintiffs' First Amended Petition" asserts, inter alia, causes of action for shareholder oppression, negligent misrepresentation against the defendants who "were under a duty to exercise reasonable care in making disclosures to prospective investors [but] induced Plaintiffs to make investments on the basis of materially false representations," and breach of fiduciary duty insofar as the defendants had sole control over information related to the LLC and concealed or did not disclose that information in order to induce the real parties to make the investments.

Construing the pleadings liberally in favor of the real parties, *see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), and in the absence of any special exceptions evident in the record, we conclude that the real parties' live pleadings support claims based on individual causes of action rather than derivative claims belonging to the LLC. *Cf. In re Fisher*, No. 12-0163, 2014 WL 801160, at **3–4 (Tex. Feb. 28, 2014) (orig. proceeding) (concluding that a limited partner had standing to sue for injuries to the partnership where the partner's allegations did not affirmatively negate his having been "personally aggrieved"). Thus, we do not reach relator's second issue pertaining to the notice requirements under the Texas Business Organizations Code. *See* TEX. R. APP. P. 47.4. Having concluded that relator has not established that the trial court abused its discretion, we need not decide whether relator lacks an adequate remedy by appeal in the instant case. *See In re Fisher*, 2014 WL 801160, at *4.

The Court, having examined and fully considered the petition for writ of mandamus,

the response, and the reply, is of the opinion that relator has not shown himself entitled to the relief sought.  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Delivered and filed the
20th day of March, 2014.