**BELL HELICOPTER TEXTRON, INC., et al., Relators,**

v.

**The Honorable Jeff WALKER, Judge, 96th District Court, Tarrant County, Respondent.**

No. C–9099.

Supreme Court of Texas.

May 2, 1990.

David Broiles, George Galerstein, William F. Peters, Jr., Sterling W. Steves, Fort Worth, for relators.

Michael B. Sydow, Houston, Jose Batista Dos Santos, Fort Worth, Kelli M. McDonald, Houston, for respondent.

PER CURIAM.

Relators are defendants in a wrongful death action brought by the real parties in interest as beneficiaries of persons killed in a helicopter crash about twenty miles off the coast of Brazil. Decedents, who were not citizens or residents of the United States, were being transported to work on offshore oil platforms in waters over the continental shelf of Brazil. Relators contend that undisputed facts establish that the Jones Act, 46 U.S.C. § 688(b) (1982),

---

precludes plaintiffs from asserting their claims in any United States court. Thus, relators contend, the trial court lacks subject matter jurisdiction over plaintiffs' claims. Similar contentions are before the Court in *Jackson v. S.P. Leasing Corp.*, No. C–8819 (argued Dec. 6, 1989), *writ of error granted from* 774 S.W.2d 673 (Tex. App.—Texarkana 1989). We need not reach these issues in the present case, however, and express no opinion on their ultimate merit. We conclude, instead, that relators are not entitled to mandamus relief because they have an adequate remedy by appeal.

■ We have consistently held that we lack jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. "Such incidental rulings include ... pleas to the jurisdiction, ... [even if] it might logically be argued that the petitioner for the writ was entitled, as a matter of law, to the action sought to be compelled." *Abor v. Black*, 695 S.W.2d 564, 566–567 (Tex.1985), quoting *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). Generally, the cost and delay of pursuing an appeal will not, in themselves, render appeal an inadequate alternative to mandamus review. *See Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (1958); *but cf. Proffer v. Yates*, 734 S.W.2d 671 (Tex.1987) (mandamus appropriate to direct transfer of child support case because justice demands speedy resolution of such cases). Relators' application does not fall within any recognized exception to these general rules. Therefore, leave to file relators' petition for writ of mandamus is denied.