**In re COLONIAL CASUALTY INSURANCE COMPANY.**

No. 06–00–00144–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 9, 2000.

Decided Nov. 10, 2000.

Rehearing Overruled Nov. 28, 2000.

J. Albert Kroemer, Jane E. Dillinger, Todd J. Liles, Prager, Metzger & Kroemer, PLLC, Dallas, for relator.

Stephen J. Backhaus, Lloyd E. Hoffman, Hoffman Kelley, LLP, Dallas, for real party in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Justice ROSS.

Colonial Casualty Insurance Company has filed a petition for writ of mandamus asking this Court to determine that mandatory venue lies in Travis County and to instruct the trial court to rescind its order denying Colonial's motion to transfer venue and to issue a new order granting the motion and transferring the cause to Travis County, Texas.

In the underlying lawsuit, Steven Schneider, a worker injured in a fall from a roof, sought to recover compensation for his injuries. Two potential employers were involved, and in administrative pro-

ceedings the Texas Workers' Compensation Commission concluded that at the time of his injury, he was a borrowed servant and found Crum & Forster to be the covering insurer.

Schneider and Crum & Forster filed suit seeking judicial review of the decision, alleging venue was correct in Lamar County. Colonial contested venue, alleging that mandatory venue lies in Travis County under TEX.LAB.CODE ANN. § 410.255(a) (Vernon 1996). After a hearing, the trial court concluded that venue lies in Lamar County.

■ Colonial contends that (1) mandamus relief is proper because there is a mandatory venue statute involved, and (2) we should grant relief because this is not the type of action which involves "eligibility" for benefits—and therefore was required to be filed in Travis County.

■ Mandamus will not issue when there is a clear and adequate remedy at law, such as a normal appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Mandamus should issue only in situations involving manifest and urgent necessity and not for grievances where other remedies may apply. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). The requirement that a person seeking mandamus relief establish the lack of an appellate remedy is a "fundamental tenet" of mandamus practice. *Walker*, 827 S.W.2d at 840; *Holloway*, 767 S.W.2d at 684.

■ This Court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental trial rulings when there is an adequate remedy by appeal. *Bell Helicopter Textron v. Walker*, 787 S.W.2d 954, 955 (Tex.1990). Incidental rulings include venue determinations. *Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals*, 929 S.W.2d 440, 441 (Tex.1996).[1]

Colonial argues that mandamus is available because this case involves a mandatory statute, citing *Proffer v. Yates*.[2] In that case, the court stated that mandamus was available in connection with a mandatory statute in a suit involving the parent-child relationship. In its most recent pronouncement on this area of the law, the Texas Supreme Court distinguished that case. *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 215 (Tex.1999). The court recognized that it had held that an "appeal is inadequate to remedy an erroneous venue decision in only one instance—mandatory transfer in a suit involving the parent-child relationship," reasoning that the need to expeditiously resolve custody and support issues makes ordinary appeal inadequate. The court then stated, "Outside of suits involving the parent-child relationship, our Court has steadfastly declined to review by mandamus whether venue was proper in the county of suit under the venue statutes." *Id.*

This holding does not support any attempt to expand the availability of mandamus relief on venue determinations outside that specific context.

The court then recognized that the latest revisions of the venue statute allow the use of mandamus to "enforce the mandatory venue provisions *of this chapter.*" TEX. CIV.PRAC. & REM.CODE ANN. § 15.0642 (Vernon Supp.2000) (emphasis added); *Missouri Pac.*, 998 S.W.2d at 215. The court carefully stated that its prior position remained intact and that venue could only be reviewed by mandamus under the previously recognized family law exception and under Chapter 15 of the Civil Practice and Remedies Code as explicitly provided by the Legislature.

This falls under neither exception. Accordingly, we conclude that mandamus is

1. *Montalvo v. Fourth Court of Appeals*, 917 S.W.2d 1, 2 (Tex.1995); *Polaris Inv. Mgmt. Corp. v. Abascal*, 892 S.W.2d 860, 862 (Tex. 1995); *Bell Helicopter Textron v. Walker*, 787 S.W.2d 954, 955 (Tex.1990); *see also Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969).

2. *Proffer v. Yates*, 734 S.W.2d 671 (Tex.1987).

not available to review this venue determination.

The petition is denied.