6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00165-CV


______________________________





IN RE: 


JIMMY D. FRANKS, CHERYL QUADA AND

180 STUDENT LINK, INC.








 


Original Mandamus Proceeding









 
 



Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant








O P I N I O N



 Jimmy D. Franks, Cheryl Quada, and 180 Student Link, Inc., relators (hereafter Franks), have
filed a Petition for Writ of Mandamus in which they ask this court to order the trial court to set aside
its order denying their plea in abatement and their motion to transfer venue, and to enter orders
transferring the underlying action to Travis County. 

 Franks contends that the trial court abused its discretion by refusing to abate a proceeding
when another proceeding involving the same subject matter was already pending in the 201st Judicial
District Court in Travis County. Franks argues that the 201st Judicial District Court had dominant
jurisdiction because the suit was filed there first and that Judge B. D. Moye acted outside the bounds
of the law by refusing to acknowledge that fact and abate the case filed in the 115th Judicial District
Court in Marion County. 

 The first question is whether a venue ruling may be attacked through mandamus. Mandamus
will not issue when there is a clear and adequate remedy at law, such as a normal appeal. Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus should issue only in situations involving
manifest and urgent necessity and not for grievances where other remedies may apply. Holloway
v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989). The requirement that a person seeking
mandamus relief establish the lack of an appellate remedy is a "fundamental tenet" of mandamus
practice. Walker, 827 S.W.2d at 840; Holloway, 767 S.W.2d at 684.

 An appellate remedy is not inadequate merely because it may involve more expense or delay
than obtaining a writ of mandamus. CSR, Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996); Walker,
827 S.W.2d at 842; Bell Helicopter Textron, Inc. v. Walker, 787 S.W.2d 954, 955 (Tex. 1990). But
on rare occasions, exceptional circumstances may render a generally adequate appellate remedy
inadequate. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999); CSR, Ltd., 925 S.W.2d at
596-97; Nat'l Indus. Sand Ass'n v. Gibson, 897 S.W.2d 769, 776 (Tex. 1995); Canadian
Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 306 (Tex. 1994); Hooks v. Fourth Court of Appeals, 808
S.W.2d 56, 59-60 (Tex. 1991). An appeal is inadequate when the trial court acts with such disregard
for guiding principles of law that the relator's harm becomes irreparable, such as the permanent loss
of substantial rights. See Nat'l Indus. Sand Ass'n, 897 S.W.2d at 771; see also Deloitte & Touche,
L.L.P. v. Fourteenth Court of Appeals, 951 S.W.2d 394, 398 (Tex. 1997).

 Extraordinary circumstances do not exist when a trial court's ruling is merely incidental to
the trial process and does not permanently deprive a party of substantial rights. Polaris Inves. 
Mgmt. Corp. v. Abascal, 892 S.W.2d 860, 862 (Tex. 1995); Canadian Helicopters, Ltd., 876 S.W.2d
at 306. This court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental
trial rulings when there is an adequate remedy by appeal. Bell Helicopter Textron, Inc., 787 S.W.2d
at 955. The Texas Supreme Court has held that incidental rulings include venue determinations. 
Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals, 929 S.W.2d 440, 441 (Tex. 1996); see
Montalvo v. Fourth Court of Appeals, 917 S.W.2d 1, 2 (Tex. 1995); Polaris Inves. Mgmt. Corp., 892
S.W.2d at 862; Bell Helicopter Textron, Inc., 787 S.W.2d at 955; see also Pope v. Ferguson, 445
S.W.2d 950, 954 (Tex. 1969). (1)

 However, the mere fact that a trial court's erroneous order will result in an eventual reversal
on appeal does not mean that a trial will be a "waste of judicial resources" as Walker uses that term. 
See Canadian Helicopters, Ltd., 876 S.W.2d at 308 n.11 (citing Walker, 827 S.W.2d at 843). To
hold otherwise would mean that virtually any reversible error by a trial court would be a proper
subject for mandamus review. See id. Such a result is inconsistent with the rule that mandamus is
an extraordinary remedy to be used only in limited circumstances. See id.

 Under these facts, and in the absence of any allegation or factual indication of extraordinary
circumstances that would justify acting outside the normal levels of review, we therefore may not
address the propriety of the refusal to transfer through a mandamus proceeding.

 Franks relies on HCA Health Servs. Inc. v. Salinas, 838 S.W.2d 246 (Tex. 1992), and
Henderson v. O'Neill, 797 S.W.2d 905 (Tex. 1990), for his position that a failure to give statutory
notice before conducting a venue hearing may be addressed through a writ of mandamus. In
Henderson, the court applied Texas Rule of Civil Procedure 87, which specifies that the movant has
the duty to request a setting on the motion for transfer of venue and also provides, "[e]xcept on leave
of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer." Tex.
R. Civ. P. 87.1. The court granted mandamus relief, finding that the trial court abused its discretion
by ruling on the motion to transfer without giving Henderson sufficient notice. 

 In HCA, the Court was confronted with a situation where the same case was being
simultaneously litigated in two courts. One district court had mistakenly transferred venue to another
and then vacated its order. As a result, not just a similar case, but exactly the same case, was
pending in two courts, neither of which would relinquish jurisdiction. Under those unusual facts,
the Court granted mandamus relief.

 This case is different on its facts. The relators in this mandamus were the parties who sought
the change of venue. One of the motions to transfer or abate does not reflect the date of filing, but
it was necessarily after the lawsuit was filed on August 29, 2001. (2) One of the motions requests a
hearing "as provided by law." The hearing was held on September 17, a date which was obviously
less than forty-five days from the date of the motion to transfer venue. This is clear error, because
the rule requires no less than forty-five days' notice of a hearing on a motion to transfer. 

 However, it does not appear from this record that relators complained to the trial court about
the shortened time frame. When a party does not object to the lack of notice or request a continuance
in the context of a hearing on venue, any complaint about the lack of notice is not preserved for
appellate review. Tex. R. App. P. 33; WTFO, Inc. v. Braithwaite, 899 S.W.2d 709 (Tex. App.-Dallas
1995, no writ); Gentry v. Tucker, 891 S.W.2d 766, 769 (Tex. App.-Texarkana 1995, no writ);
Gonzalez v. Nielson, 770 S.W.2d 99, 101 (Tex. App.-Corpus Christi 1989, writ denied).

 Relator has not shown himself entitled to mandamus relief. The Petition for Writ of
Mandamus is denied.



 Ben Z. Grant

 Justice


Date Submitted: January 9, 2002

Date Decided: January 10, 2002


Do Not Publish
1. The court has also held that an erroneous venue determination may result in a writ of
mandamus if the waste of judicial resources is so great as to make the situation a "truly exceptional
circumstance." In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999).
2. A second motion was filed by another defendant on September 1.



v. State, 475 S.W.2d 275, 277
(Tex. Crim. App. 1972) (statement reported to show statement made, not truth of statement, not
hearsay); Franklin v. State, 992 S.W.2d 698, 704 (Tex. App.—Texarkana 1999, pet. ref'd) (operative
fact where words created agency, not hearsay); see also Ash v. Hack Branch Distrib. Co., 54 S.W.3d
401, 411 (Tex. App.—Waco 2001, pet. denied); Wal-Mart Stores, Inc. v. McKenzie, 22 S.W.3d 566,
572 (Tex. App.—Eastland 2000, pet. denied) (in employment discrimination suit, "We got rid of that
[racial slur]." not hearsay, but operative fact); $445.00 in United States Currency v. State, 856
S.W.2d 852, 853 (Tex. App.—Fort Worth 1993, no pet.) ("dope notes" in vehicle not hearsay, as not
offered to prove contents, but to prove their presence in vehicle).
Exclusion Was Proper for Lack of Relevance
            While we conclude the testimony was not hearsay, we find the evidence was properly
excluded since it was irrelevant and the State had also objected on the basis of irrelevance. If a trial
court's ruling is correct under any theory of law, but the court so ruled for the wrong reason, the
ruling will stand, especially if the ruling admitted or excluded evidence. Osbourn v. State, 92
S.W.3d 531, 538 (Tex. Crim. App. 2002).
            Even relevant evidence can be excluded if "its probative value is substantially outweighed
by the danger of . . . confusion of the issues, or misleading the jury . . . ." Tex. R. Evid. 403.
            We review a trial court's exclusion of evidence for abuse of discretion. See Weatherred v.
State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); Penry v. State, 903 S.W.2d 715, 762 (Tex. Crim.
App. 1995). A trial court abuses its discretion if it acts without reference to guiding rules and
principles; that is, arbitrarily or unreasonably, Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App.
1993), or, in other words, outside the zone of reasonable disagreement. Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).
            While the issue of Kubecka's intent to deprive the bank of the funds was central to this case,
his intent was to be determined as of the latter part of April 2002, when the overdraft was created. 
By contrast, the excluded testimony recounted a conversation occurring in late June 2002, about two
months later. While testimony about Kubecka's intent in late June might be argued to be somewhat
probative of his intent in April, the connection is very attenuated. During the intervening time
period, the record reveals, there were numerous bank collection efforts. We also cannot know from
the record before us what other attenuating events may have occurred during that time. Because of
the two-month gap and the collection efforts during that time, and because possible other intervening
events further attenuated the two events, we cannot say the trial court would have been outside the
zone of reasonable disagreement if it had excluded the evidence based on relevance. Therefore, it
would have been within the trial court's discretion to have excluded the testimony based on
relevancy.



 
 
 
 
 
            Because we find the trial court did not abuse its discretion, we affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 12, 2004
Date Decided:             July 27, 2004

Do Not Publish