Opinion issued July 15, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00666-CV

____________


IN RE BELL HELICOPTER TEXTRON, INC., Relator







Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relator, Bell Helicopter Textron, Inc., has filed a petition for writ of mandamus
complaining that Judge Blackstock (1) has denied its plea to the jurisdiction. Relator
has also filed a motion for temporary relief requesting that we stay all proceedings
below while we consider relator's petition. The real parties in interest, plaintiffs in
the underlying proceeding, have filed a response, which contains a motion for
sanctions.

 A party seeking mandamus relief must establish that it has no adequate remedy
by appeal. See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Absent some
extraordinary situation, appeal is an adequate remedy for a trial court's denial of a
plea to the jurisdiction, and a writ of mandamus will not issue to correct it. In re Bay
Area Citizens Against Lawsuit Abuse, 982 S.W.2d 371, 375 (Tex. 1998); see also Bell
Helicopter Textron, Inc. v. Walker, 787 S.W.2d 954, 955 (Tex. 1990). Relator has
made no showing that this case involves an extraordinary situation. Because relator
has failed to show that it lacks an adequate remedy by appeal, mandamus is not
available to address the trial court's denial of its plea to the jurisdiction. In re Bay
Area Citizens Against Lawsuit Abuse, 982 S.W.2d at 375.

 The petition for writ of mandamus is denied. Accordingly, the motion for
temporary relief is denied as moot. The request of the real parties in interest for
sanctions is denied.

PER CURIAM

Panel consists of Chief Justice Schneider and Justices Nuchia and Radack.

Do not publish. Tex. R. App. P. 47.
1. The Honorable James A. Blackstock, judge of the County Court at Law
No. 3 of Brazoria County, Texas. The underlying lawsuit is Sue Ellen Landrum,
Individually and as Independent Administrator of the Estate of Hank Arthur
Landrum, and as Next Friend of Beverly Jean Landrum, a Minor, and Margaret
"Maxine" Landrum v. Bell Helicopter Textron, Inc., trial court cause no. 24,971-A.