Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN RE: JIMMY LEE SWEED,


 Relator.
§


 


§


 


§


 


§


 


§


 


 § 



 No. 08-07-00130-CV



 IN ORIGINAL PROCEEDING

 IN MANDAMUS






OPINION ON PETITION FOR WRIT OF MANDAMUS


 In his petition for mandamus, Sweed seeks a mandamus against the trial court on the ground
that the court misapplied the law and clearly abused its discretion in granting the defendant's plea
to the jurisdiction. For the following reasons, we deny Sweed's petition for mandamus relief. 

 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992)(orig. proceeding). In addition, there must be no other adequate remedy at
law. Id. at 840.

 Sweed alleges the trial court misapplied the law under the Texas Civil Practice and Remedies
Code Section 101.021(1) &(2) because the court did have subject matter jurisdiction over El Paso
County Jail, a defendant in the case. Section 101.021 states:


 A governmental unit in the state is liable for:


 (1) property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:


 (A) the property damage, personal injury, or death arises from the operation
or use of a motor-driven vehicle or motor-driven equipment; and


 (B) the employee would be personally liable to the claimant according to
Texas law; and


 (2) personal injury and death so caused by a condition or use of tangible personal or
real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.


Tex.Civ.Prac.&Rem.Code Ann. § 101.021(1) & (2)(Vernon 2005).


 Thus, Sweed contends the El Paso County Jail as a governmental unit defendant is liable to
him for his alleged injuries by the conditions and use of its alleged tangible personal property 
through the wrongful act or omission or negligence of its employees. 

 Mandamus will issue only when there is no other adequate remedy at law. Walker, 827
S.W.2d at 840. In this case, mandamus relief will not issue to supervise or correct incidental rulings
of a trial judge, such as a pleas to the jurisdiction, when there is an adequate remedy by appeal. Bell
Helicopter Textron, Inc. v. Walker, 787 S.W.2d 954 (Tex. 1990). Because Relator has an adequate
remedy by appeal, we deny mandamus relief.



June 21, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

Chew, C.J., not participating