

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00864-CV

**IN RE** Sandra **RICKS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
            Rebeca C. Martinez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  January 8, 2014

PETITION FOR WRIT OF MANDAMUS DENIED

In this mandamus proceeding, relator Sandra Ricks complains of the trial court's overruling of her objections to the court's jurisdiction to entertain a motion to enforce a Rule 11 agreement. *See* TEX. R. CIV. P. 11. Relator contends the trial court should have sustained her objections to the court's authority and dismissed the motion to enforce. We need not reach this issue, however, and express no opinion as to its ultimate merit. We conclude instead that relator is not entitled to mandamus relief in this instance because there is an adequate remedy by appeal.

The Supreme Court has consistently held that an appellate court lacks jurisdiction "to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal." *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.

---

[1] This proceeding arises out of Cause No. 2013PC0060, styled *Guardianship of Dorothy Sciples, An Incapacitated Person*, pending in the Probate Court No. 2, Bexar County, Texas, the Honorable Tom Rickhoff presiding.

1990) (orig. proceeding). "'Such incidental rulings include . . . pleas to the jurisdiction, . . . [even if] it might logically be argued that the petitioner for the writ was entitled, as a matter of law, to the action sought to be compelled.'" *Id*. (quoting *Abor v. Black*, 695 S.W.2d 564, 566-67 (Tex. 1985)). In light of this precedent regarding challenges to the trial court's jurisdiction as incidental rulings, we are constrained to hold relator is not entitled to the relief sought. Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM