ACCEPTED
01-15-00934-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/3/2015 12:45:02 PM
CHRISTOPHER PRINE
CLERK

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/3/2015 12:45:02 PM
CHRISTOPHER A. PRINE
Clerk

No. 01-15-00934-CV

## In The
## First Court of Appeals at Houston, Texas

CELIA REAR,
*Appellant,*

v.

JASON EDWARD MINTON,
*Appellee.*

On Appeal from the 311th Judicial District Court Of
Harris County, Texas
Trial Cause No. 2005-04747
The Honorable Alicia Franklin York, Presiding

## JASON EDWARD MINTON'S AMENDED RESPONSE TO CELIA REAR'S MOTION FOR EMERGENCY STAY OF JURY TRIAL

Jason Minton files his Amended Response to Celia Rear's Motion for Emergency Stay of Jury Trial ("Motion for Emergency Stay").

1. This case is set for trial on November 16, 2015. Rear agreed to this trial setting in July 2015 and then filed her jury demand on September 23, 2015.

2. Rear's filing of her Motion for Emergency Stay and Petition for Writ of Mandamus ("Petition") is a ploy to avoid a court-ordered mediation on November 5, 2015 and pre-trial conference on November 6, 2015.

3. This order is an incidental ruling for which mandamus does not lie. *In re Entergy Corp.,* 142 S.W.3d 316, 320 (Tex. 2004) ("As a general rule, mandamus does not lie to correct incidental trial court rulings when there is a remedy by appeal.")

4. Implicitly acknowledging this high legal hurdle, Rear complains about the trial court's denial of her Plea to the Jurisdiction ("Plea") and Request for the Court to Decline Jurisdiction ("Request").

(orig. proceeding) (mandamus denied because relator failed to seek mandamus relief for four months after demand for jury trial was denied).

6. The Court could also deny Rear's Motion for Emergency Stay and Petition on the basis that mandamus does not lie for the review of the trial court's ruling on Rear's Plea. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990) (holding that mandamus was not appropriate to review trial court's denial of plea to the jurisdiction based on lack of subject matter jurisdiction).

7. Rear argues that "[I]f this case is permitted to go to trial prior to this Court's ruling on the petition for writ of mandamus, significant resources will be wasted." Emergency Motion for Stay at 2. It is axiomatic that the cost and delay of pursuing an appeal will not render an appeal an inadequate alternative to mandamus review. *See id.*

8. Alternatively, Rear asks the Court to grant her emergency and mandamus relief because she is a Wisconsin resident, and Texas is an inconvenient forum. *See* Emergency Motion for Stay at 2-3.

9. Rear should be estopped from making her forum non conveniens argument. The original trial setting was July 13, 2015. At that time, Celia Rear availed herself of the Court by agreeing to sign Temporary Orders (*see* attached Exhibit "A"), and thereby found Texas to be a convenient forum. These handwritten Temporary Orders were signed by the Court on July 13, 2015.

10. The Agreed Temporary Orders were submitted in a formal form and signed by the Court on September 21, 2015 (*see* attached Exhibit "B").

For these reasons, Appellee requests the Court to deny Celia Rear's Motion for Emergency Stay of Jury Trial.

Respectfully submitted,

THE O'NEILL LAW FIRM, PLLC
1900 Memorial Drive
Houston, Texas 77007
Telephone: (713) 523-5402
Facsimile: (713) 523-5295

By: _____
ALICE J. O'NEILL
State Bar No. 00788145
Attorney for JASON EDWARD MINTON

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort has been made to resolve this dispute but the parties have been unable to do so.

_Alice J. O'Neill_

ALICE J. O'NEILL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Response to Celia Rear's Motion for Emergency Stay of Jury Trial has been served on all counsel of record pursuant to the Rules on this 3rd day of November, 2015, as follows:

**VIA FAX (281) 516-8223**
Ms. Bethany G. Arnold
Law Office of Bethany G. Arnold
1314 Texas Avenue, Suite 1515
Houston, Texas 77002

**VIA FAX (713) 743-2195**
Ms. Barbara J. Stalder
Ms. Janet Heppard
University of Houston Law Center
Clinical Legal Education
100 Law Center
Houston, Texas 77204

ALICE J. O'NEILL

# EXHIBIT A

F I L E D
Chris Daniel
District Clerk

JUL 13 2015

Time _____

Harris County Texas

By _____
Deputy

2005-04747

ITIO

S███████ M██████     In the District Crt
a child              311th Judicial Dist
                     Harris Co        p3

## Temporary Order                    TIJX

Parties agree and it is therefore ordered that Jason Minton will, on a temporary basis, be named the conservator with the right to designate primary residence

Jason Minton's child support will cease immediately. Celia Rear will not pay child support at this time

The possession order will flip such that Celia Rear will have one weekend per month w/ 14 days notice. Holidays per SPO. ~~except~~ Jason agrees that Celia Rear may have the child from 6pm Friday to 6pm Sunday on Thanksgiving weekend if she elects - in addition to her one weekend in Nov.

(1)

Certified Document Number: 66212312 - Page 1 of 3

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Parties agree to standard Injunctions Re' disparaging remarks or talking about the case

Parties will have reasonable telephone access with child.

Trial will be reset to November → week before thanksgiving if possible

Celia Tucar will have possession of the child from 6pm 7/13 to Saturday 7/18 at 6pm.

Parties will mediate ~~before trial~~ Immediately before trial →

Amicus will make the child aware of this agreement.

~~Parties~~ Parties will attempt to ① secure a homestudy on the Mother's home pending approval. we/cr

Parties agree service provider can testify by written report or by phone

If child flies payment arrangements per prior order cr to make reservations.

Alice O'neall will draft this order Effective language per TFLPM

Certified Document Number: 66212312 - Page 2 of 3

② Signed 7/13/15 _____

Celia Rear                          Jason Minton

Beth Arnold                         Alice O'Neill
SBN 24068811                        SBN 00708145

Barbara Stalder
SBN 24041965



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 3, 2015

Certified Document Number:      66212312 Total Pages: 3

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

9/18/2015 2:51:20 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6996421
By: Jessica Contreras
Filed: 9/18/2015 2:51:29 PM

Pgs-15

(3)-

TEOK

CAUSE NO. 2005-04747

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| S████ A. M████ | § | HARRIS COUNTY, TEXAS |
| | § | |
| A CHILD | § | 311TH JUDICIAL DISTRICT |

## TEMPORARY ORDERS

On _____7/13_____, 2015, the Court hearing this case.

1. *Appearances*

Petitioner, JASON EDWARD MINTON, appeared in person and through attorney of record, Alice J. O'Neill, and announced ready.

Respondent, CELIA A. REAR, appeared in person and through attorney of record, Bethany G. Arnold, and announced ready.

Also appearing was Barbara J. Stalder, amicus attorney.

2. *Jurisdiction*

The Court, after examining the record and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that the Court has jurisdiction of this case and of all the parties.

3. *Child*

The following orders are for the safety and welfare and in the best interest of the following child:

Name: S████ A. M████
Sex: Female
Birth date: ██████████
Home state: Texas

**EXHIBIT B**

IT IS ORDERED that JASON EDWARD MINTON and CELIA A. REAR are appointed Temporary Joint Managing Conservators of the child: S████ A. M████.

IT IS ORDERED that, at all times, JASON EDWARD MINTON and CELIA A. REAR, as Parent Temporary Joint Managing Conservators, shall have the following rights:
1. the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

Page 1 of 15

Certified Document Number: 67326490 - Page 1 of 15

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the child's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child;

9. the right to manage the estates of the child to the extent the estate has been created by the parent or the parents family; and,

10. the right to inherit from and through the child.

It is ORDERED that, at all times, JASON EDWARD MINTON, Petitioner, and CELIA A. REAR, Respondent, as Parent Joint Managing Conservators, shall each have the following duties:

1. the duty to inform the other conservators of the child in a timely manner of significant information concerning the health, education, and welfare of the child; and,

2. the duty to inform the other conservators of the child if the conservator resides for at least thirty (30) days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure, or is currently charged with an offense for which, on conviction, the person would be required to register under that chapter. It is ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth (40th) day after the date the conservator of the child begins to reside with the person or on the tenth (10th) day after the date the marriage occurs, as appropriate. It is ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS

Certified Document Number: 67326490 - Page 2 of 15

NOTICE.

It is ORDERED that, during their respective periods of possessions, JASON EDWARD MINTON, Petitioner, and CELIA A. REAR, Respondent, as Parent Joint Managing Conservators, shall each have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the child;

2. the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the child to medical and dental care not involving an invasive procedure; and,

4. the right to direct the moral and religious training of the child.

It is ORDERED that during his period of possession, JASON EDWARD MINTON, as a Parent Joint Managing Conservator, shall have the following rights and duties:

1. the exclusive right to designate the primary residence of the child, without regard to a geographic restriction;

All other rights and duties are per previous order signed May 10, 2010.

*Possession and Access*

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Modified Standard Possession Order. IT IS ORDERED that his Modified Standard Possession Order is effective immediately and applies to all periods of possession on and after the date the Court signs this Modified Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a) Definitions

1. In this Modified Standard Possession Order, "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2. In this Modified Standard Possession Order, "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b) Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at time mutually

Page 3 of 15

agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Modified Standard Possession Order. IT IS ORDERED that CELIA A. REAR discuss and determine periods of possession and access with JASON EDWARD MINTON before the child is ever made aware of the plans.

c) Weekend Possession of CELIA A. REAR

Except as otherwise expressly provided in this Modified Standard Possession Order, CELIA A. REAR shall have the right to possession of the child as follows:

1. Weekends - Unless CELIA A. REAR elects the alternative period of weekend possession described in the next paragraph, CELIA A. REAR shall have the right to possession of the child on weekends that occur during the regular school term, beginning at 6:00 p.m. on the first, third and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday, and on weekends that do not occur during the regular school term, beginning at 6:00 p.m. on the first, third and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

Alternative Weekend Possession - In lieu of the weekend possession described in the foregoing paragraph, CELIA A. REAR shall have the right to possession of the child not more than one weekend per month of CELIA A. REAR's choice beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. CELIA A. REAR may elect an option for this alternative period of weekend possession by giving written notice to JASON EDWARD MINTON. If CELIA A. REAR makes this election, CELIA A. REAR shall give JASON EDWARD MINTON fourteen days' written notice preceding a designated weekend; written notice includes certified mail, email, and text messages. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, the child's birthday, and Father's Day below.

2. Weekend Possession Extended by a Holiday

Except as otherwise expressly provided in this Modified Standard Possession Order, if a weekend period of possession by CELIA A. REAR begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child are enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Modified Standard Possession Order, if a weekend period of possession by CELIA A. REAR ends or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child are enrolled, or a federal, state, or local holiday, that falls on a Monday during the summer months, when school is not in session, that weekend period

of possession shall end at 6:00 p.m. on that Monday.

3. Extended Summer Possession by CELIA A. REAR -

*Summer 2015*

CELIA A. REAR shall have possession of the child beginning at 6:00 p.m. on July 13, 2015 and ending at 6:00 p.m. on July 18, 2015.

(d) Holidays Unaffected by Distance

1. Thanksgiving 2015 - CELIA A. REAR shall have the right to possession of the child beginning at 6:00 p.m. on the Friday following Thanksgiving 2015 until 6:00 p.m. on the Sunday following Thanksgiving 2015, if she elects to do so, in addition to her one weekend of visitation in November 2015.

2. Christmas 2015 -- Christmas vacation will be per previous order signed May 10, 2010. Attorneys will agree on travel dates on a later date.

(e) Undesignated Periods of Possession

JASON EDWARD MINTON shall have the right to possession of the child at all other times not specifically designated in this Modified Standard Possession Order for CELIA A. REAR.

(f) General Terms and Conditions

Except as otherwise expressly provided in this Modified Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1. Surrender of Child by JASON EDWARD MINTON - JASON EDWARD MINTON is ORDERED to surrender the child to CELIA A. REAR at the beginning of each period of CELIA A. REAR's possession at the residence of JASON EDWARD MINTON.

If a period of possession by CELIA A. REAR begins at the time the child's school is regularly dismissed, JASON EDWARD MINTON is ORDERED to surrender the child to CELIA A. REAR at the beginning of each such period of possession at the school in which the child is enrolled. If the child is not in school, CELIA A. REAR shall pick up the child at the residence of JASON EDWARD MINTON at 6:00 p.m. and JASON EDWARD MINTON is ORDERED to surrender the child to CELIA A. REAR at the residence of JASON EDWARD MINTON at 6:00 p.m. under these circumstances.

2. Surrender of Child by CELIA A. REAR - CELIA A. REAR is ORDERED to return

the child to the residence of JASON EDWARD MINTON at the end of each period of possession. However, it is ORDERED that, if JASON EDWARD MINTON and CELIA A. REAR live in the same county at the time of rendition of this order, CELIA A. REAR's county of residence remains the same after rendition of this order, and JASON EDWARD MINTON's county of residence changes, effective on the date of the change of residence by JASON EDWARD MINTON, CELIA A. REAR shall surrender the child to JASON EDWARD MINTON at the residence of CELIA A. REAR at the end of each period of possession.

If a period of possession by CELIA A. REAR ends at the time the child's school resumes, CELIA A. REAR is ORDERED to surrender the child to JASON EDWARD MINTON at the end of each such period of possession at the school in which the child is enrolled or, if the child is not in school, at the residence of JASON EDWARD MINTON at 8:00 a.m.

3.      Surrender of Child by CELIA A. REAR - CELIA A. REAR is ORDERED to surrender the child to JASON EDWARD MINTON, if the child is in CELIA A. REAR's possession or subject to CELIA A. REAR's control, at the beginning of each period of JASON EDWARD MINTON's exclusive periods of possession, at the place designated in this Modified Standard Possession Order.

4.      Return of Child by JASON EDWARD MINTON - JASON EDWARD MINTON is ORDERED to return the child to CELIA A. REAR, if CELIA A. REAR is entitled to possession of the child, at the end of JASON EDWARD MINTON's exclusive periods of possession, at the place designated in this Modified Standard Possession Order.

5.      Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6.      Designation of Competent Adult - Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7.      Inability Exercise Possession - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8.      Written Notice - Written notice, including notice provided by electronic mail or facsimile, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due. Each conservator is ORDERED to notify the other conservator of any change in the conservator's electronic mail address or facsimile number within twenty-four hours after the change.

9.      Notice to School and JASON EDWARD MINTON - If CELIA A. REAR's time of possession of the child ends at the time school resumes and for any reason the a child is not or will not be returned to school, CELIA A. REAR shall immediately notify the school and JASON EDWARD MINTON that the child will not be or has not been return to school.

Page 6 of 15

This concludes the Modified Standard Possession Order.

*Telephone Access*

It is ORDERED that each party shall have reasonable telephone access to the child when the child is in the other party's possession.

*Child Support*

As of July 13, 2015, it is ORDERED that JASON EDWARD MINTON's obligation to pay child support is temporarily suspended. If CELIA A. REAR receives any child support payments from JASON EDWARD MINTON, she is to return said payments immediately, unless such payment is for amounts due prior to July 13, 2015.

It is ORDERED that CELIA A. REAR shall not pay child support.

*Health Care*

IT IS ORDERED that JASON EDWARD MINTON and CELIA A. REAR shall provide medical support for the child as set out in this order as additional child support for as long as this Court may order JASON EDWARD MINTON CELIA A. REAR to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day JASON EDWARD MINTON's and CELIA A. REAR's actual or potential obligation to support the child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that JASON EDWARD MINTON and CELIA A. REAR are discharged from the obligations set forth in this medical support order, except for any failure by a parent to fully comply with those obligations before that date.

Definitions -

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the cost of health insurance coverage for a child that does not exceed 9 percent of JASON EDWARD MINTON 's or CELIA A. REAR's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and

Certified Document Number: 67326490 - Page 7 of 15

necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

a. to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

b. to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

c. to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

Findings on Health Insurance Availability- Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available or is in effect for the child through JASON EDWARD MINTON's employment or membership in a union, trade association, or other organization at a reasonable cost. IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the child.

*Provision of Health-Care Coverage -*

As child support, JASON EDWARD MINTON is ORDERED to continue to maintain health insurance for the child who is the subject of this suit that covers basic health-care services, including usual physician services, office visits, hospitalization, laboratory, X-ray, and emergency services.

JASON EDWARD MINTON is ORDERED to maintain such health insurance in full force and effect on the child who is the subject of this suit as long as child support is payable for that child. JASON EDWARD MINTON is ORDERED to convert any group insurance to individual coverage or obtain other health insurance for the child within fifteen days of termination of his employment or other disqualification from the group insurance. JASON EDWARD MINTON is ORDERED to exercise any conversion options or acquisition of new health insurance in such a manner that the resulting insurance equals or exceeds that in effect immediately before the change. JASON EDWARD MINTON is ORDERED to furnish the other parent, and the Office of the Attorney General Child Support Division a true and correct copy of the health insurance policy or certification and a schedule of benefits within thirty (30) days of the signing of this order. JASON EDWARD MINTON is ORDERED to furnish the other parent the insurance cards and any other forms necessary for use of the insurance within thirty (30) days of the signing of this order. JASON EDWARD MINTON is ORDERED to provide, within three (3) days of receipt by him, to the

Page 8 of 15

other party any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the child that JASON EDWARD MINTON paid or incurred. Pursuant to section 1504.051 of the Texas Insurance Code, it is ORDERED that if JASON EDWARD MINTON is eligible for dependent health coverage but fails to apply to obtain coverage for the child, the insurer shall enroll the child on application of CELIA A. REAR or others as authorized by law.

Pursuant to section 154.18 (c) of the Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance are allocated as follows: CELIA A. REAR is ORDERED to pay 50 percent and JASON EDWARD MINTON is ORDERED to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, JASON EDWARD MINTON is providing health insurance as ordered.

The party who incurs a health-care expense on behalf of the child is ORDERED to submit to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them.

The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all unreimbursed health-care expenses of the child who is the subject of this suit that are incurred while child support is payable for the child.

Secondary Coverage - IT IS ORDERED that if a party provides secondary health insurance coverage for the child, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the party who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the child in order to assure the maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like. Each party is ORDERED to use "preferred providers," or services within the health maintenance organization, if applicable. Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment. Excepting emergency health-care expenses incurred on behalf of the child, if a party incurs health-care expenses for the child using "out-of-network" health-care providers or services, or fails to follow the health insurance company procedures or requirements, that party shall pay all such health-care expenses incurred absent (1) written agreement of the parties allocating such health-care expenses or (2) further order of the Court.

Claims - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the child is ORDERED to furnish to the party carrying the policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the child. In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the child, at that party's option, may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the child and receive payments directly from the insurance company. Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, the other party is designated the managing conservators or possessory conservators of the child.

The party who is carrying the health insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the party who paid those expenses. IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILD.

*Medical Notification*

Each party is ORDERED to inform the other party within four hours of any medical condition of the child requiring surgical intervention, hospitalization, or both.

Within 10 days after the Court signs this Order, each party is ORDERED to execute:

1. All necessary releases pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. Section 164.508 to permit the other conservator to obtain health-care information regarding the child; and,

2. for all health-care providers of the child, an authorization for disclosure of

Certified Document Number: 67326490 - Page 10 of 15

protected health information to the other conservator pursuant to the HIPAA and 45 C.F.R. Section 164.508.

Each party is ORDERED to designate the other conservator as a person to whom protected health information regarding the child may be disclosed whenever the party executes an authorization for disclosure of protected health information pursuant to the HIPAA and 45 C.F.R. Section 164.508.

*Provisions for Travel*

It is ORDERED that the following provisions shall govern the arrangement for the travel of the child to and from CELIA A. REAR:

Notice of Place and Time of Possession - It is ORDERED that, if CELIA A. REAR desires to take possession of the child at an airport near CELIA A. REAR's residence, CELIA A. REAR shall state these facts in a notice letter to JASON EDWARD MINTON:

1.      the airport where JASON EDWARD MINTON is to surrender the child;

2.      the date and time of the flight on which the child is scheduled to leave;

3.      the airline and flight number of the airplane on which the child is scheduled to leave;

4.      the airport where the child will return to JASON EDWARD MINTON at the end of the period of possession;

5.      the date and time of the flight on which the child is scheduled to return to that airport; and,

6.      the airline and flight number of the airplane on which the child is scheduled to return to JASON EDWARD MINTON at the end of the period of possession.

Flight Arrangements - It is ORDERED that CELIA A. REAR shall make airline reservations for the child only on major commercial passenger airlines on flights having no change of airplanes between the airport of departure and the airport of final arrival (a "nonequipment change flight"). It is further ORDERED that CELIA A. REAR shall make airline reservations for the child on flights that depart from a Houston, Texas airport or, if JASON EDWARD MINTON moves out of the state of Texas, the commercial airport closest to the residence of JASON EDWARD MINTON that offers regularly scheduled passenger flights to various cities throughout the United States on major commercial passenger airlines.

Deliver and Pickup by JASON EDWARD MINTON - It is ORDERED that JASON EDWARD MINTON shall deliver the child to the airport from which the child is scheduled to leave at the beginning of each period of possession at least two hours before the scheduled

departure time. It is further ORDERED that JASON EDWARD MINTON shall surrender the child to the airport employee, airline employee, or security officer designated to escort the child to the departing flight.

It is further ORDERED that JASON EDWARD MINTON shall take possession of the child at the end of CELIA A. REAR's period of possession at the airport where the child is scheduled to return and at the specific location designated by the airport to meet the passengers from the child's scheduled flight.

Pickup and Return by CELIA A. REAR - It is ORDERED that CELIA A. REAR shall take possession of the child at the beginning of each period of possession at the airport where the child is scheduled to arrive and at the specific location designated by the airport to meet the passengers from the child's scheduled flight.

It is further ORDERED that CELIA A. REAR, at the end of each period of possession, shall deliver the child to the airport where the child is scheduled to depart at least two hours before the scheduled departure time and surrender the child to the airport employee, airline employee, or security officer designated to escort the child to the departing flight.

Missed Flights - It is ORDERED that any conservator who has possession of the child at the time shall notify the other conservator immediately if the child is not placed on a scheduled flight at the beginning or end of a period of possession. It is further ORDERED that, if the child should miss a scheduled flight, the conservator having possession of the child when the flight is missed shall schedule another non-equipment change flight for the child as soon as is possible after the originally scheduled flight and shall pay any additional expense associated with the changed flight and give the other conservator notice of the date and time of that flight.

Expenses Shared by JASON EDWARD MINTON and CELIA A. REAR - It is ORDERED that CELIA A. REAR shall purchase, in advance, the round-trip airline tickets (including escort fees from the residence of CELIA A. REAR to the residence of JASON EDWARD MINTON) to be used by the child for the child's flight. It is further ORDERED that CELIA A. REAR shall make necessary arrangements with the airlines and with JASON EDWARD MINTON in order that the airline tickets are available to the child before a scheduled flight.

It is ORDERED that CELIA A. REAR shall pay all travel expenses, charges, escort fees and air fares incurred for the child for transportation from the residence of JASON EDWARD MINTON to that of CELIA A. REAR. It is further ORDERED that JASON EDWARD MINTON shall pay all travel expenses, charges, escort fees, and air fares incurred for the child for transportation from the residence of CELIA A. REAR to that of JASON EDWARD MINTON.

It is further ORDERED that CELIA A. REAR shall reimburse JASON EDWARD MINTON for travel expenses of the child if, because of circumstances beyond JASON EDWARD MINTON's control, JASON EDWARD MINTON is required to pay travel expenses of the child (other than what he is required to pay above) on a non-equipment change flight to or from the

possession of CELIA A. REAR.

Lawyers will discuss possible changes to payment arrangements for the flights prior to the Thanksgiving/Christmas vacation.

Miscellaneous Expenses - It is ORDERED that the expenses of a conservator incurred in traveling to and from an airport, as well as related parking and baggage handling expenses, are the sole responsibility of the conservator delivering or receiving the child at the airport.

Child's Luggage on Flights - It is ORDERED that the child shall only use luggage meeting the airline requirement for carry-on baggage, and that the child shall not carry more luggage than the maximum amount of carry-on baggage. The child shall not travel with luggage or packages needing to be checked for airline travel without prior agreement of both parties, including, but not limited to an agreement as to which parent shall pay any fees associated with the checked baggage.

*Injunctions*

It is ORDERED that the parties are immediately restrained from:

1. Disturbing the peace of the child or of another party.

2. Hiding or secreting the child from the other party.

3. Making disparaging remarks regarding the other party or the other party's family in the presence or within the hearing of the child.

4. Discussing any matter regarding this suit with the child or within the hearing of the child.

These injunctions are effective immediately and shall continue in full force and effect until further Order of this Court. This order shall be binding on both Petitioner and Respondent; on Petitioner's and Respondent's agents, servants, and employees; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise. The requirement of a bond is waiver.

*Home Study*

IT IS ORDERED that the parties will cooperate in retaining a service in the state where CELIA A. REAR's resides to prepare a home study of CELIA A. REAR. If they are able to obtain a home study, then the service provider may testify to this Court by written report or by telephonic appearance.

*Trial and Mediation*

It is ORDERED that the final trial in this matter will be reset to November, if possible, the

Page 13 of 15

week before Thanksgiving at the discretion of the Court.

It is further ORDERED that the parties will participate in mediation prior to the trial.

*Service of Writ*

Petitioner and Respondent waive issuance and service of the writ of injunction, by stipulation or as evidenced by the signatures below. It is ORDERED that Petitioner and Respondent shall be deemed to be duly served with the writ of injunction.

*Relief Not Granted*

It is ORDERED that all relief requested in this case and not expressly granted is denied. All other terms of the prior orders not specifically modified in this order shall remain in full force and effect.

*Duration*

These Temporary Orders shall continue in force until further order of this Court.

*Date of Order*

SIGNED on _____, 2015.

Signed:
9/21/2015

_____
PRESIDING JUDGE

Certified Document Number: 67326490 - Page 14 of 15

APPROVED AS TO FORM:

THE O'NEILL LAW FIRM, PLLC
1900 Memorial Drive
Houston, Texas 77007
Telephone: (713) 523-5402
Facsimile: (713) 523-5295
aoneill@oneilllaw.com


By: _____
ALICE J. O'NEILL
State Bar No. 00788145
ATTORNEY FOR PETITIONER

LAW OFFICE OF BETHANY G. ARNOLD
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
(281) 516-8221
Fax: (281) 516-8223
beth@betharnoldlaw.com


By: _____
BETHANY G. ARNOLD
State Bar No. 24068811
ATTORNEY FOR RESPONDENT

HOUSTON LAW CENTER
Child Legal Education
100 Law Center
Houston, Texas 77204
(713) 743-2094
By: _____
BARBARA STALDER
State Bar No. 24041965
AMICUS ATTORNEY


_____          _____
JASON EDWARD MINTON, Petitioner          CELIA A. REAR, Respondent


Page 15 of 15

Certified Document Number: 67326490 - Page 15 of 15



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 3, 2015

Certified Document Number:        67326490 Total Pages:  15

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com